IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY**,<br><br>Plaintiff,<br><br>vs.<br><br>**TALCOTT CONSTRUCTION, INC., et al.**,<br><br>Defendants. | CV-19-50-BMM<br><br><br><br>ORDER |

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") filed a motion a motion to voluntarily dismiss without prejudice but also to have the Court retain jurisdiction to enforce the escrow agreement. (Doc. 85.) The escrow agreement (Doc. 36-1) and the parties' ability to comply with the agreement may be effected by the proceedings in *James Talcott Construction v. Citizens Alliance Bank & Mountian Title Co.*, Eighth Judicial District Court, Cascade County, Cause No. BDV-20-0065 ("the "Montana State Court Action"). The escrow agreement constitutes a part of the settlement between the parties. Liberty Mutual, in other words, asks this Court to retain jurisdiction to enforce a part of the settlement

1

agreement. Liberty Mutual filed this motion on July 24, 2020, and no other party has objected.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* Courts may retain jurisdiction over settlement agreements through the doctrine of ancillary jurisdiction. Courts may exercise ancillary jurisdiction for two reasons: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees. *Id.* at 380. Based on the second reason, the Supreme Court has recognized that Courts may exercise ancillary jurisdiction "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision . . . or by incorporating the terms of the settlement agreement in the order." *Id.* at 381. If a district court does this, then violation of the settlement agreement bears on the court's ability to "effectuate its decrees." *Id.* at 380.

With all of that in mind, **IT IS HEREBY ORDERED** that:

1. The Court incorporates the terms of the escrow agreement (Doc. 36-1) as a part of the parties' settlement in this case. The Court shall retain jurisdiction over this case through ancillary jurisdiction for the purposes of potentially enforcing the escrow agreement and effectuating this Order;

2. This action is dismissed without prejudice;

3. Upon proper compliance with terms of the Escrow Agreement or resolution of the Montana State Court Action, Plaintiff shall file a notice to the Court and request the Court dismiss and fully close this matter; and

4. These Orders are made without an award of attorneys' fees and costs to any part.

DATED this 24th day of August, 2020.

_____
Brian Morris, Chief District Judge
United State District Court